# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| JULIAN RAMON GONZALEZ, | CASE NO. 07cv0124 JM(AJB) |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO REMAND TO USCIS |
| vs. | |
| ALBERTO GONZALES, Attorney General of the United States; et al., | |
| Defendants. | |

Defendants move to remand this action to United States Citizenship and Immigration Service ("USCIS") for adjudication of Plaintiff's application for naturalization or, alternatively, to dismiss for lack of subject matter jurisdiction. Plaintiff Julian Ramon Gonzalez opposes the motion and seeks to have the court adjudicate his application for naturalization. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to remand is granted with instructions to make a determination on Plaintiff's Form N-400 as expeditiously as possible but in any event not more than 120 days from the date of entry of this order.

## BACKGROUND

On January 10, 2007 Plaintiff commenced this action seeking relief in the nature of mandamus to compel Defendants to adjudicate his application for naturalization. Plaintiff alleges that Defendants have illegally delayed the processing or adjudication of his application for naturalization.

Plaintiff, a 55 year old citizen of Mexico, was admitted as a Lawful Permanent Resident on March 2, 1972. (Oppo. at p.2). On or about October 3, 2005, Plaintiff applied for naturalization by

1  filing Form N-400 with USCIS. (Compl. ¶10). On March 2, 2006 Plaintiff attended his naturalization
2  interview and passed his English and U.S. History and Government tests. Plaintiff has made
3  approximately nine inquiries to determine whether Defendants had completed the requisite security
4  checks. (Compl. ¶12). Each time Plaintiff was informed that the security checks were still pending.
5  Plaintiff was informed that no further administrative processing of his naturalization petition would
6  occur until such security checks were complete. Id.; Compl. Exh. C.

7  Pursuant to the Administrative Procedures Act, 5 U.S.C. §701 et seq, Plaintiff seeks to compel
8  Defendants to timely adjudicate his application for naturalization. Defendants first contend that the
9  court lacks subject matter jurisdiction and second, assuming jurisdiction, the court should remand the
10 petition to USCIS for adjudication. Plaintiff opposes the motion.

**DISCUSSION**

**Subject Matter Jurisdiction**

13  Defendants contend that the APA does not apply to Plaintiff's claim because Plaintiff cannot
14 establish that he has suffered any legal wrong within the meaning of 5 U.S.C. §702. This argument
15 is not persuasive.

16  In order to obtain judicial review under 5 U.S.C. §702, an individual must identify some
17 "agency action" that affects him in a specified fashion and must show that he has suffered legal wrong
18 because of the challenged agency action or is adversely affected or aggrieved by that action within the
19 meaning of a relevant statute. Lujan v. National Wildlife Federation, 497 U.S. 871, 882 (1989).
20 Plaintiff satisfies this standard. USCIS is obligated to make a determination on a naturalization
21 application within 120 days after it conducts a naturalization examination. 8 U.S.C. §1447(b). If the
22 USCIS fails to comply with this time period, the applicant may apply to the federal district court for
23 the district in which the applicant resides for a hearing on the matter. Id. The district court may then
24 determine the matter or remand it to USCIS, with appropriate instructions. Id.

25 / / /
26 / / /
27 / / /
28 / / /

Here, Plaintiff's examination occurred on March 2, 2006 and Defendants failed to comply with the 120 period of 8 U.S.C. §1447(b). Accordingly, Plaintiff has suffered a legal wrong on account of agency inaction and is aggrieved thereby.[1]

In sum, the court has subject matter jurisdiction over the present controversy.

**The Motion to Remand**

Under 8 U.S.C. §1447(b) this court has jurisdiction to either (1) make its own determination as to whether Plaintiff has satisfied all of the requirements for citizenship or (2) remand the matter to USCIS with instructions to conclude its processing of the Form N-400. 8 U.S.C. 1447(b); United States v. Hovesepian, 359 F.3d 11444, 1160 (9th Cir. 2004).

A lawful permanent resident alien is eligible for naturalization as a United States citizen if he or she (1) satisfies a five-year statutory residency requirement; (2) has resided continuously in the United States from the date of the application to the time of admission as a citizen; and (3) is of good moral character. 8 U.S.C. § 1427(a). The applicant first files a Form N-400 application for naturalization. 8 U.S.C. § 1445(a); 8 C.F.R. §§ 334.2, 316.4. USCIS then conducts a background investigation of the applicant, including a review of immigration and police records. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. At a minimum, the background investigation includes " a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the five years immediately preceding the filing of the application." 8 C.F.R. §335.1. Lastly, the applicant is interviewed by an examiner who is authorized to grant or deny the application. 8 U.S.C. § 1446(d); 8 C.F.R. § 335.3.

Applying the above statutory provisions, USCIS must make a determination on a naturalization application pursuant to 8 U.S.C. § 1446 within 120 days after it conducts a naturalization examination. 8 U.S.C. § 1447(b). If it fails to do so, the applicant may apply to the federal district court for the district in which the applicant resides for a hearing on the matter. Id. The district court assumes

---

[1] The court notes that subject matter jurisdiction is also appropriate if a case falls within an express congressional grant of jurisdiction. See Missouri ex rel. Missouri Highway & Transp. Comm'n v. Cuffley, 112 F.3d 1332, 1334 (8th Cir. 1998). Here, 8 U.S.C. §1447 provides such an express grant of jurisdiciotn.

1  jurisdiction over the matter and may either determine the matter or remand it, with appropriate
2  instructions, to USCIS.  Id.

3        The court concludes that remand, with instructions, is appropriate for several reasons.  First,
4  the executive branch is in a better position than this court to oversee Plaintiff's background
5  investigation, compile an administrative record, and to consistently apply the immigration laws.  See
6  I.N.S. v. Ventura, 537 U.S. 12, 16 (2002) ("Generally speaking, a court . . . should remand a case to
7  an agency for decision of a matter that statutes place primarily in agency hands."); Shalabi v.
8  Gonzales, 2006 WL 3032413 (E.D. Mo. 2006).  The USCIS conducts several forms of security and
9  background checks to determine whether the applicant is eligible for naturalization and that the
10 individual does not present a risk to national security or public safety. (Porto Decl. ¶3).  The
11 background check involves records from more than twenty federal agencies.  Id.  Given the expertise
12 of USCIS, their decisions are entitled to substantial deference.  I.N.S. v. Cardoza-Fonseca, 480 U.S.
13 421, 445 n.30 (1987).  Second, the court is hesitant to compel the FBI and other federal agencies to
14 complete background checks required to finalize the naturalization process because to do so could
15 delay the administrative processing of other applicants for naturalization who have waited longer than
16 Plaintiff for completion of the required background investigations.  The filing of a complaint for
17 mandamus should not result in one applicant moving up the queue to the detriment of the other
18 applicants for naturalization.  Finally, Plaintiff is not without a judicial remedy.  In the event
19 Plaintiff's application is denied, or USCIS fails to complete its background investigation within the
20 below instructed 120 day period, he may return to court for review.  See 8 U.S.C. §1421(c).

21       In sum, the court remands this action to USCIS for adjudication of Plaintiff's application for
22 naturalization.  USCIS is instructed to complete the required investigations as expeditiously as
23 possible but in any event not more than 120 days after the date of entry of this order.

24       **IT IS SO ORDERED.**

25 DATED:  May 31, 2007

26                                                            _____
                                                           Hon. Jeffrey T. Miller
27                                                            United States District Judge

28 cc: All Parties